Steven P. Suskin
Arizona Bar # 005850
Attorney at Law
1201 E. Jefferson St. Suite 100
Phoenix, Arizona 85034
(602) 229-1005
(602) 744-6525 (fax)
Steve.Suskin@villagevoicemedia.com

Attorney For Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Village Voice Media Holdings, LLC,<br><br>       Plaintiff,<br><br>v.<br><br>Yelp, Inc.,<br><br>       Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff Village Voice Media Holdings, LLC, brings this Complaint against Defendant Yelp, Inc.

**JURISDICTION AND VENUE**

1. Jurisdiction of this court arises under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.

2. Venue is proper within the District of Arizona pursuant to 28 U.S.C. § 1391 (b) (c).

5620691.8

## GENERAL ALLEGATIONS

3. Village Voice Media Holdings, LLC, ("Plaintiff" or "VVMH"), is a Delaware Limited Liability Company which maintains its principal place of business in the State of Arizona at 1201 East Jefferson Street, Phoenix, Arizona 85034. VVMH, through various subsidiaries, publishes weekly newspapers in Phoenix, Denver, Houston, Dallas, Miami, Seattle, San Francisco, St. Louis, the Twin Cities, Broward and Palm Beach counties in Florida, and other cities. Each of those newspapers operates a site on the world wide web on which the news stories and features appearing in the respective newspapers are published and on which other material also appears. Each of the individual subsidiaries has been licensed by VVMH to use certain VVMH trademarks.

4. Defendant Yelp, Inc., ("Yelp") is a corporation which, among other things, operates pages on the world wide web which promote and describe activities in various cities in which VVMH publishes a newspaper, including web sites describing events and establishments in Phoenix, Denver, Houston, Dallas, Miami, Seattle, San Francisco, St. Louis, the Twin Cities, and Broward and Palm Beach counties in Florida.

5. Yelp has caused events to occur in Arizona giving rise to jurisdiction.

6. VVMH has for many years in each of Phoenix, Denver, Houston, Dallas, Miami, Seattle, San Francisco, St. Louis, the Twin Cities, Broward and Palm Beach counties in Florida, and other cities, published an annual edition of its

1   newspaper which describes and features categories of restaurants,
2   entertainment, shopping, events and other categories in which specific
3   enterprises or events are identified as the best in each category. Each of these
4   annual publications prominently uses throughout the publication, and in
5   advertising and promotion, the phrase "Best of [place name]." The categories and
6   winners are made part of the web pages for each of the newspapers in those cities
7   and can be accessed by users of the world wide web throughout the year.
8       7.    VVMH prints a significant number of extra copies of the editions of
9   its "Best of" edition newspapers, because of the demand for that information.
10  VVMH receives a high volume of "hits" on its "Best of" web pages, reflecting both a
11  significant demand for the knowledge contained therein and a recognition of the
12  content of the "Best of" sites. VVMH sells advertising in the supplements to its
13  newspapers which contain the "Best of" features and VVMH sells advertising on
14  the web pages containing the "Best of" features.
15      8.    After publication of VVMH's "Best of" editions, many of the entities
16  selected for BEST OF recognition order plaques, certificates, reprints, window
17  stickers, and other VVMH BEST OF-related merchandise. These products are in
18  turn displayed year-round in high-rated establishments, thereby reminding
19  viewers of the trademark and the publication, and increasing loyalty to the "BEST
20  OF" program.

1   9.   VVMH owns, and licenses to its appropriate subsidiaries, the
2   following relevant federal service mark registrations (collectively the "Registered
3   Marks"):

| Entity | Service k | Class | Registration Number | Registration Date | Date of First Use |
|---|---|---|---|---|---|
| New Times BPB, LLC | BEST OF BROWARD PALM BEACH | 35 | 3,156,284 | 10-17-2006 | 3-11-1999 |
| New Times BPB, LLC | BEST OF BROWARD PALM BEACH | 16 & 41 | 4,183,174 | 7-31-2012 | 3-11-1999 |
| Dallas Observer, LP | BEST OF DALLAS | 35 | 2,098,988 | 9-23-1997 | 7-12-1984 |
| Dallas Observer, LP | BEST OF DALLAS | 16 & 41 | 4,175,661 | 7-17-2012 | 7-12-1984 |
| Denver Westword, LLC | BEST OF DENVER | 35 | 2,098,909 | 9-23-1997 | 4-1-1984 |
| Denver Westword, LLC | BEST OF DENVER | 16 & 41 | 4,175,657 | 7-17-2012 | 4-1-1984 |
| Houston Press, LP | BEST OF HOUSTON | 35 | 2,102,832 | 10-7-1997 | 9-27-1990 |
| Houston Press, LP | BEST OF HOUSTON | 16 & 41 | 4,175,664 | 7-17-2012 | 9-27-1990 |
| Miami New Times, LLC | BEST OF MIAMI | 35 | 2,094,511 | 9-9-1997 | 2-14-1990 |
| Miami New Times, LLC | BEST OF MIAMI | 16 & 41 | 4,175,658 | 7-17-2012 | 2-14-1990 |
| Phoenix New Times, LLC | BEST OF PHOENIX | 35 | 2,098,989 | 9-23-1997 | 3-28-1979 |
| Phoenix New Times, LLC | BEST OF PHOENIX | 16 & 41 | 4,175,364 | 7-17-2012 | 3-28-1979 |
| Riverfront Times, LLC | BEST OF ST. LOUIS | 35 | 2,441,835 | 4-10-2001 | 11-19-1998 |

| Entity | Service | Class | Registration Number | Registration Date | Date of First Use |
|---|---|---|---|---|---|
| Riverfront Times, LLC | BEST OF ST. LOUIS | 16 & 41 | 4,185,847 | 8-7-2012 | 11-19-1998 |
| SF Weekly, LP | BEST OF SAN FRANCISCO | 35 | 2,842,140 | 5-18-2004 | 6-26-1996 |
| SF Weekly, LP | BEST OF SAN FRANCISCO | 16 & 41 | 4,183,146 | 7-31-2012 | 6-26-1996 |
| Seattle Weekly, LLC | BEST OF SEATTLE | 16 & 41 | 2,690,516 | 2-25-2003 | 10-8-1986 |
| City Pages, LLC | BEST OF THE TWIN CITIES | 16 & 41 | 2,688,355 | 2-18-2003 | 6-25-1986 |

All of the class 35 registrations cover conducting incentive award programs to promote the business of retail establishments through the demonstration of excellence in customer service, quality of products or services, and generally in their field. All of the class 16 and 41 registrations cover annual newspaper supplements in the field of listing individuals and businesses that have achieved excellence in areas of interest to the general public and conducting awards programs honoring individuals and companies that have demonstrated excellence in their fields, in the quality of their products and services and in customer service. True and correct copies of the federal registrations of the Registered Marks are attached as Exhibit A to this Complaint.

10. VVMH has adopted and is using the "Best of" service marks for disseminating information through newspaper supplements and on the world wide web about establishments and events which are considered by VVMH to

1  represent the highest achievement in individual categories on a yearly basis and
2  well as to disseminate information about the establishments and events which
3  are considered by the readers of VVMH's newspapers and the viewers of VVMH's
4  web sites to represent the highest achievement in the same categories.

5  11. The registrations described in paragraph 9 above are in full force
6  and effect and are the property of VVMH, which is the exclusive owner of all
7  rights and goodwill pertinent to the Registered Marks. The "Best of" service
8  marks are the property of and are exclusively used by VVMH. VVMH and each
9  respective subsidiary has expended substantial sums of money and time in the
10 development and promotion of the Registered Marks and the "Best of" marks, and
11 has established a valuable reputation and goodwill in the Registered Marks and
12 the "Best of" marks. The "Best of" marks have become distinctive of the VVMH's
13 goods and services in commerce.

14 12. In September, 2012, VVMH became aware that Yelp was using
15 VVMH's Registered Marks and "Best of" marks BEST OF PHOENIX, BEST OF
16 DENVER, BEST OF HOUSTON, BEST OF DALLAS, BEST OF SAINT LOUIS, BEST OF
17 SAN FRANCISCO, BEST OF SEATTLE, BEST OF TWIN CITIES, BEST OF BROWARD
18 PALM BEACH COUNTY and BEST OF MIAMI on its web pages featuring
19 establishments and events in each of the referred-to places. Examples of Yelp's
20 uses of the Registered Marks are attached as Exhibit B to this Complaint.

1    13.   On September 18, 2012, VVMH notified Yelp of its infringement of
2  VVMH's marks and demanded that such infringement cease. Yelp has refused to
3  cease use of the marks, and has continued to infringe on VVMH's marks.

4    14.   Yelp has knowledge and notice of VVMH's rights, goodwill, and
5  valuable reputation in and to its Registered Marks and its "Best of" marks, but
6  Yelp continues to use such marks for the purpose of taking advantage of VVMH's
7  goodwill and valuable reputation in the Registered Marks and the "Best of"
8  marks.

9    15.   Yelp sells advertising on the web pages containing VVMH's
10 Registered Marks and "Best of" marks. Yelp admits on its website, "Yelp makes
11 money by selling ads to local businesses." On information and belief, the
12 potential advertisers for Yelp's web pages are some or all of the potential
13 customers of VVMH for advertising on VVMH's web pages containing the
14 Registered Marks and "Best of" marks.

15           **COUNT ONE (Trademark Infringement)**

16    16.   Plaintiff incorporates the allegations of paragraphs 1 through 15 as
17 if fully set forth herein.

18    17.   This claim arises pursuant to 15 U.S.C. § 1114, § 32 of the Lanham
19 Act, for infringement of VVMH's Registered Marks.

20    18.   Subsequent to the adoption and use by VVMH of its Registered
21 Marks, Yelp adopted and began using the marks BEST OF PHOENIX, BEST OF

1  DENVER, BEST OF HOUSTON, BEST OF DALLAS, BEST OF SAINT LOUIS, BEST OF

2  SAN FRANCISCO, BEST OF SEATTLE, BEST OF TWIN CITIES, BEST OF BROWARD

3  PALM BEACH COUNTY and BEST OF MIAMI in commerce and continues to so use

4  the marks. Yelp has no authorization from VVMH to use the marks. Yelp is taking

5  such action willfully and with full knowledge of VVMH's prior use of and rights in

6  the Registered Marks.

7      19.   Yelp's use of the BEST OF PHOENIX, BEST OF DENVER, BEST OF

8  HOUSTON, BEST OF DALLAS, BEST OF SAINT LOUIS, BEST OF SAN FRANCISCO,

9  BEST OF SEATTLE, BEST OF TWIN CITIES, BEST OF BROWARD PALM BEACH

10 COUNTY and BEST OF MIAMI Registered Marks is a violation of VVMH's rights

11 and constitutes and will constitute an infringement of VVMH's registrations. Such

12 utilization is likely to cause confusion, mistake and deception of consumers as to

13 the source of Yelp's goods and services in light of VVMH's Registered Marks.

14     20.   VVMH has been and will continue to be irreparably harmed by Yelp's

15 unauthorized use of the Registered Marks. The inability of VVMH to control the

16 information to be disseminated under the Registered Marks by Yelp will cause

17 injury to the valuable reputation and goodwill VVMH has developed in these

18 marks as well as constituting unfair competition.

19     21.   As a direct and proximate result of Yelp's violation of VVMH'ss

20 Registered Marks, VVMH has been and will be damaged by a loss of reader

21 loyalty, advertising sales, and profits. Further, Yelp has benefited and will benefit

1 in the future by its continued unauthorized use of VVMH's Registered Marks,
2 thereby realizing sales and profits that would not otherwise have obtained.
3     22. The sale of advertising on the web pages of Yelp and the sale of
4 services by Yelp while using VVMH's Registered Marks constitute knowing,
5 malicious and willful infringement of VVMH's trademark rights under 15 U.S.C. §
6 1114(1). VVMH is entitled to Yelp's profits, VVMH's actual damages to be proven
7 at trial, and treble damages as a result of the above described trademark
8 infringement. Furthermore, VVMH is entitled to its reasonable attorneys' fees
9 and costs pursuant to 15 U.S.C. § 1117(a).
10     WHEREFORE Plaintiff prays for judgment against Defendant as follows:
11     A. Defendant be ordered to make an accounting of the sales and
12 profits derived by it by reason of its unlawful acts, and Defendant be held
13 liable to Plaintiff for such profits;
14     B. Plaintiff be awarded its actual damages as a result of the
15 trademark infringement complained of against Defendant in an amount to
16 be proven at trial;
17     C. Plaintiff be awarded treble damages against Defendant
18 pursuant to 15 U.S.C. § 1117(b);
19     D. Plaintiff be awarded its attorneys' fees and costs of this action
20 pursuant to 15 U.S.C. §1117(a); and

1       E.      For such other and further relief as this court deems just and
2    proper.

3                    **COUNT TWO (False Designation of Origin)**

4       23.    Plaintiff incorporates the allegations of paragraphs 1 through 22 as
5    if fully set forth herein.

6       24.    This count arises under 15 U.S.C. § 1125(a), Section 43(a) of the
7    Lanham Act, for false designation, description, and representation of goods and
8    services as to their nature and origin.

9       25.    Subsequent to the adoption and use by VVMH of its "Best of" ' Marks
10   for and in connection with the goods and services described in this complaint,
11   Yelp adopted VVMH's BEST OF PHOENIX, BEST OF DENVER, BEST OF HOUSTON,
12   BEST OF DALLAS, BEST OF SAINT LOUIS, BEST OF SAN FRANCISCO, BEST OF
13   SEATTLE, BEST OF TWIN CITIES, BEST OF BROWARD PALM BEACH COUNTY and
14   BEST OF MIAMI marks.

15      26.    Yelp is neither authorized nor licensed to use VVMH's "Best of"
16   marks. Despite this fact, Yelp has used, is using, and has expressed its intent to
17   use in the future VVMH's "Best of" marks as a designation of the origin of Yelp's
18   goods and services. In adopting and using VVMH's "Best of" marks and other
19   related items in commerce, Yelp has falsely designated, described and
20   represented and will falsely designate, describe and represent the nature and
21   origin of its goods and services in violation of § 43(a) of the Lanham Act.

27. The "Best of" marks adopted by Yelp are actually VVMH's marks and items, and the use of such marks and related items by Yelp is likely to cause confusion and mistake and to deceive users of the web sites of VVMH and Yelp and actual and prospective advertisers on such web sites.

28. Yelp willfully and knowingly continues to commit the acts described herein, has refused to cease committing such acts after due notice of VVMH's rights and is, therefore, deceiving the public while depriving VVMH of the sales and profits it would otherwise obtain. Yelp has irreparably damaged the valuable reputation and goodwill of VVMH and its "Best of" marks.

WHEREFORE Plaintiff prays for judgment against Defendant as follows:

A. Defendant be ordered to make an accounting of the sales and profits derived by it by reason of its unlawful acts herein complained of and Defendant be held liable to Plaintiff for such profits;

B. Plaintiff be awarded its actual damages suffered as a result of Defendant's acts in an amount to be proven at trial;

C. Plaintiff be awarded treble damages against Defendant in an amount sufficient to prevent such tortious conduct from occurring in the future;

D. Plaintiff be awarded its attorneys' fees and costs of this action pursuant to 15 U.S.C. §1117(a); and

1          E.      For such other and further relief as the court deems just and
2    proper.

3                          **COUNT THREE (State Dilution Laws)**

4      29.     Plaintiff incorporates the allegations of paragraphs 1 through 28 as
5    if fully set forth herein.

6      30.     This Count arises under Texas Business & Commercial Code §
7    16.103 (applicable to BEST OF DALLAS and BEST OF HOUSTON), California
8    Business & Professions Code §142470 (applicable to BEST OF SAN FRANCISCO),
9    Mo. Rev. Stat. § 417.061(1) (applicable to BEST OF ST. LOUIS), Florida Statutes §
10   495.151 (applicable to BEST OF MIAMI and BEST OF BROWARD PALM BEACH),
11   and Revised Code of Washington § 19.77.160 (applicable to BEST OF SEATTLE).
12   Jurisdiction is proper under the doctrine of supplemental jurisdiction.

13     31.     Each of the state dilution laws identified above protects trademarks
14   from dilution, meaning third-party uses which blur or tarnish the value of the
15   trademark. In Texas, California, Florida, Missouri, and Washington, Defendant's
16   use of "Best of" marks identical to Plaintiff's marks have diluted the value of
17   Plaintiff's marks used in those jurisdictions and violated the applicable state
18   trademark dilution law. Specifically:

19            a. Yelp's use of BEST OF DALLAS and BEST OF HOUSTON violates
20               Texas Business & Commercial Code § 16.103 because VVMH's
21               BEST OF DALLAS and BEST OF HOUSTON marks are each widely

recognized by the public throughout the Dallas and Houston metropolitan areas, respectively, as a designation of source of the services of VVMH

b. Yelp's use of BEST OF SAN FRANCISCO violates California Business & Professions Code §14247 because VVMH's BEST OF SAN FRANCISCO mark is famous within its geographic area of use, and has acquired distinctiveness, and Yelp's use of BEST OF SAN FRANCISCO, begun after VVMH's mark became famous in that area, is likely to cause dilution of VVMH's mark.

c. Yelp's use of BEST OF MIAMI and BEST OF BROWARD PALM BEACH violates Florida Statutes § 495.151 because VVMH's BEST OF MIAMI and BEST OF BROWARD PALM BEACH marks are famous within their geographic area of use, and Yelp's use of identical marks, begun after the VVMH marks became famous in those areas, is likely to cause dilution of the distinctive quality of VVMH's marks.

d. Yelp's use of BEST OF ST. LOUIS violates Missouri Revised Statutes § 417.061(1)(4), because VVMH's BEST OF ST. LOUIS mark is distinctive and valid at common law, and has been diluted by Yelp's use of an identical mark.

        e. Yelp's use of BEST OF SEATTLE violates Revised Code of Washington § 19.77.160 because VVMH's BEST OF SEATTLE mark is famous in Washington State, and Yelp's use of an identical mark, begun after the VVMH mark became famous, is likely to cause dilution of the distinctive quality of VVMH's mark.

32. Dilution has occurred through blurring, because Yelp's use of VVMH's marks has diluted and blurred the distinctiveness of VVMH's marks.

33. Dilution has occurred through tarnishment, because Yelp's use of VVMH's marks has tarnished the reputation and goodwill associated with VVHM's marks. On information and belief, tarnishment has occurred because Yelp has used VVHM's "BEST OF" marks in connection with lists that have not been assembled with the high level of research, care, and judgment that are applied to VVMH's BEST OF lists.

34. Yelp's use of VVHM's marks in the identified states has injured and will, unless enjoined by the Court, continue to cause injury to VVHM's business reputation and will dilute the distinctive quality of VVHM's trademarks, in violation of the identified statutes, all to VVMH's irreparable harm.

WHEREFORE Plaintiff prays for judgment against Defendant as follows:

    A. Defendant be enjoined pursuant to Tex. Bus. & C. § 16.103(c) from using BEST OF DALLAS or BEST OF HOUSTON in the Dallas and Houston metropolitan areas;

B. Defendant be enjoined pursuant to Cal. Bus. & Prof. Code § 14247 from using BEST OF SAN FRANCISCO in the San Francisco metropolitan area;

C. Defendant be enjoined pursuant to Fla. Stat. § 495.151 from using BEST OF MIAMI or BROWARD PALM BEACH in the Miami and Broward Palm Beach metropolitan areas;

D. Defendant be enjoined pursuant to Mo.Rev.Stat. § 417.061.1 from using BEST OF ST. LOUIS in Missouri;

E. Defendant be enjoined pursuant to RCW § 19.77.160 from using BEST OF SEATTLE in Washington State;

F. Defendant be found to have willfully diluted Plaintiff's BEST OF DALLAS and BEST OF HOUSTON marks, and Plaintiff therefore be awarded damages in the amount of all of Defendant's profits derived from, or damages resulting from, Defendant's use of those marks, including treble damages and reasonable attorneys' fees, as appropriate, pursuant to Tex. Bus. & C. § 16.103(c) & 104(b)&(c);

G. Defendant be found to have willfully diluted Plaintiff's BEST OF SAN FRANCISCO mark, and Plaintiff therefore be awarded damages in the amount of all of Defendant's profits derived from, or damages resulting from, Defendant's use of that marks, including treble damages and

1     reasonable attorneys' fees, as appropriate, pursuant to Cal. Bus & Prof.

2     Code § 14250;

3         H.    Defendant be found to have willfully diluted Plaintiff's BEST

4     OF MIAMI and BEST OF BROWARD PALM BEACH marks, and Plaintiff

5     therefore be awarded damages in the amount of all of Defendant's profits

6     derived from, or damages suffered by reason of Defendant's use of those

7     marks, including treble damages and reasonable attorneys' fees, as

8     appropriate, pursuant to Fla. Stat. § 495.141;

9         I.    Defendant be found to have willfully diluted Plaintiff's BEST

10    OF SEATTLE mark, and Plaintiff therefore be awarded damages in the

11    amount of all of Defendant's profits derived from, or damages suffered by

12    reason of Defendant's use of that marks, including treble damages and

13    reasonable attorneys' fees, as appropriate, pursuant to RCWA §§ 19.77.160

14    and 19.77.150; and

15        J.    For such other and further relief as this court deems just and

16    proper.

17        **COUNT FOUR (Preliminary and Permanent Injunction)**

19    35.    Plaintiff incorporates the allegations of paragraphs 1 through 34 as

20 if fully set forth herein.

21    36.    Yelp has been notified of VVMH's rights and has been requested to

22 cease from such trademark infringement, but has failed and refused to do so.

1  37.  By reason of the acts alleged in this Complaint, Yelp has caused and
2  is causing irreparable injury to the business, reputation and goodwill of VVMH
3  and will continue to do so unless restrained by this court.
4  38.  VVMH believes its remedy at law is inadequate in that Yelp refuses
5  to discontinue use of the Registered Marks and the "Best of" marks with respect
6  to Phoenix, Denver, Houston, Dallas, Saint Louis, San Francisco, Seattle, Twin
7  Cities, Broward Palm Beach and Miami, causing VVMH sustained and continuing
8  injury and loss as well as irreparable injury to the public's perception of the
9  knowledge and information provided by VVMH's newspaper supplements and
10  web pages, and Yelp should be enjoined from further use of VVMH's Registered
11  Marks and "Best of" marks.
12  WHEREFORE, Plaintiff prays for judgment against Defendant as follows:
13  A.  A preliminary injunction be issued during the pendency of
14  this action, and a permanent injunction thereafter, restraining and
15  enjoining the Defendant, its agents, servants, employees, affiliates, parents,
16  subsidiaries and any others acting on its or their behalf:
17  (1)  From using the Registered Marks or the "Best of" marks
18  in any manner on its web sites or elsewhere; and
19  (2)  That the Defendants within five days from the date of
20  such order, remove the Registered Marks and the "Best of" marks from any
21  web site, marketing, solicitation, or other use and that all material items at

| | |
|---|---|
| 1 | that time in existence which bear Plaintiff's Registered Marks or "Best of'" |
| 2 | marks be destroyed or delivered to Plaintiff for destruction. |
| 3 |     B.    Plaintiff be awarded its attorneys' fees and costs of this action |
| 4 | pursuant to 15 U.S.C. § 1117(a); and |
| 5 |     C.    For such other and further relief as this court deems just and |
| 6 | proper. |
| 7 | DEFENDANT DEMANDS TRIAL BY JURY. |
| 8 | Respectfully submitted, |
| 9 | |
| 10 | |
| 11 | By    /s/ Steven P. Suskin |
| 12 | Steven P. Suskin |
| 13 | Attorney at Law |
| 14 | Arizona Bar # 005850 |
| 15 | 1201 E. Jefferson St. Suite 100 |
| 16 | Phoenix, Arizona 85034 |
| 17 | (602) 229-1005 |
| 18 | (602) 744-6525 (fax) |
| 19 | Steve.Suskin@villagevoicemedia.com |
| 20 | |
| 21 | OF COUNSEL: |
| 22 | |
| 23 | Mark Sableman |
| 24 | Michael L. Nepple |
| 25 | THOMPSON COBURN LLP |
| 26 | One US Bank Plaza |
| 27 | St. Louis, Missouri  63101 |
| 28 | 314-552-6000 |
| 29 | FAX 314-552-7000 |
| 30 | msableman@thompsoncoburn.com |
| 31 | mnepple@thompsoncoburn.com |
| 32 | |
| 33 | Attorneys for Plaintiff |